IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-332-GMS |
| | ) | **Demand for Jury Trial** |
| TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendants, Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. (collectively "Torrent"), for their Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint, state as follows:

### THE PARTIES

1.      Teva Ltd. is a corporation organized under the laws of Israel, and maintains its principal place of business at 5 Basel Street, Petah Tiqva 49131, Israel.

**ANSWER:**

Admitted on information and belief.

2.      Teva USA is a Delaware corporation with its principal place of business located at 1900 Horsham Road, North Wales, Pennsylvania 19454-1090.  Teva USA is a wholly-owned subsidiary of Teva Ltd.

**ANSWER:**

Admitted on information and belief.

3.      On information and belief, Torrent Pharmaceuticals Ltd. is an Indian corporation having a principal place of business at Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

**ANSWER:**

Torrent admits that Defendant Torrent Pharmaceuticals Ltd. is an Indian company having a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

4.      On information and belief, Torrent Pharma Inc. is a Delaware corporation having a principal place of business at 2585 Bellflower Dr., Portage, MI 49024.

**ANSWER:**

Torrent admits that Defendant Torrent Pharma Inc. is a Delaware corporation, having a place of business at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009.  Torrent denies all remaining allegations contained in paragraph 4.

5.      On information and belief, Torrent Pharma Inc. is a wholly-owned subsidiary of Torrent Pharmaceuticals Ltd.

**ANSWER:**

Torrent admits that Defendant Torrent Pharma Inc. is a wholly-owned subsidiary of Torrent Pharmaceuticals Ltd.

6.      On information and belief, Torrent Pharma Inc. acts as the agent of Torrent Pharmaceuticals Ltd.  Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. collectively will be referred to hereafter as "Defendants."

**ANSWER:**

Torrent denies all allegations contained in paragraph 6.

2

## NATURE OF THE ACTION

7.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1, *et seq*., and seeking damages and injunctive relief under 35 U.S.C.

§§ 281-285.

**ANSWER:**

Torrent admits that Plaintiffs' Complaint purports to be an action for patent infringement

arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and seeks damages and

injunctive relief under 35 U.S.C. §§ 281-285.

## JURISDICTION AND VENUE

8.      This court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Torrent admits that this Court has jurisdiction over the subject matter of Plaintiffs'

Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202.

9.      This Court may declare the rights and other relations of the parties pursuant to 28

U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's

jurisdiction.

**ANSWER:**

Torrent admits that by the filing of Plaintiffs' Complaint this Court may declare the rights

and other relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case

of actual controversy within the Court's jurisdiction. Torrent denies all remaining allegations contained in paragraph 9.

10.     The Court has personal jurisdiction over Torrent Pharma Inc. because it is incorporated in the state of Delaware under number 650439.

**ANSWER:**

Torrent consents to personal jurisdiction in this District for purposes of this case only. Torrent admits that Torrent Pharma Inc. is a Delaware corporation, but denies all remaining allegations contained in paragraph 10.

11.     The Court has personal jurisdiction over Torrent Pharmaceuticals Ltd. because of its presence in Delaware and its continuous and systematic contacts with the state of Delaware, including those made through Torrent Pharma Inc.

**ANSWER:**

Torrent Pharmaceuticals Ltd. consents to personal jurisdiction in this District for purposes of this case only. Torrent denies all remaining allegations contained in paragraph 11.

12.     Venue is proper in this judicial district based on 28 U.S.C. § 1400(b) and/or 28 U.S. C. § 1391(b), (c) and (d).

**ANSWER:**

Admitted.

**BACKGROUND**

**The Patents In Suit**

13.     Teva Ltd. is the owner of all right, title and interest in United States Patent Nos. 6,600,073 ("the '073 patent"), 6,500,987 ("the '987 patent"), 6,495,721 ("the '721 patent"), and 6,897,340 ("the '340 patent;" collectively, "the patents in suit") relating to, *inter alia*, methods

4

for manufacturing certain crystalline forms of a chemical compound known as sertraline hydrochloride. Two of these crystalline forms of sertraline hydrochloride are known as "Form II" and "Form V."

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same.

14.    The '073 patent was duly and legally issued by the United States Patent and Trademark Office ("PTO") on July 29, 2003, for an invention entitled "Methods for Preparation of Sertraline Hydrochloride Polymorphs." A copy of the '073 patent is attached as Exhibit A.

**ANSWER:**

Torrent admits that a copy of what purports to be the '073 patent is attached to Plaintiffs' Complaint as Exhibit A. Torrent further admits that Exhibit A is entitled "Methods for Preparation of Sertraline Hydrochloride Polymorphs," and lists an issue date on its face of July 29, 2003. Torrent denies all remaining allegations contained in paragraph 14.

15.    The '987 patent was duly and legally issued by the PTO on December 31, 2002, for an invention entitled "Sertraline Hydrochloride Polymorphs." A copy of the '987 patent is attached as Exhibit B.

**ANSWER:**

Torrent admits that a copy of what purports to be the '987 patent is attached to Plaintiffs' Complaint as Exhibit B. Torrent further admits that Exhibit B is entitled "Sertraline Hydrochloride Polymorphs," and lists an issue date on its face of December 31, 2002. Torrent denies all remaining allegations contained in paragraph 15.

16.    Both the '073 patent and the '987 patent claim, *inter alia*, processes for preparation of sertraline hydrochloride Form V.

**ANSWER:**

Torrent denies all allegations contained in paragraph 16.

17.    The '721 patent was duly and legally issued by the PTO on December 17, 2002, for an invention entitled "Sertraline Hydrochloride Form II and Methods For the Preparation Thereof." A copy of the '721 patent is attached as Exhibit C.

**ANSWER:**

Torrent admits that a copy of what purports to be the '721 patent is attached to Plaintiffs' Complaint as Exhibit C. Torrent further admits that Exhibit C is entitled "Sertraline Hydrochloride Form II and Methods For the Preparation Thereof," and lists an issue date on its face of December 17, 2002. Torrent denies all remaining allegations contained in paragraph 17.

18.    The '340 patent was duly and legally issued by the PTO on May 24, 2005, for an invention entitled "Processes for Preparation of Polymorphic Form II of Sertraline Hydrochloride." A copy of the '340 patent is attached as Exhibit D.

**ANSWER:**

Torrent admits that a copy of what purports to be the '340 patent is attached to Plaintiffs' Complaint as Exhibit D. Torrent further admits that Exhibit D is entitled "Processes for Preparation of Polymorphic Form II of Sertraline Hydrochloride," and lists an issue date on its face of May 24, 2005. Torrent denies all remaining allegations contained in paragraph 18.

19.    The '721 and '340 patents claim, *inter alia*, processes for the preparation of sertraline hydrochloride Form II.

**ANSWER:**

Torrent denies all allegations contained in paragraph 19.

**Plaintiffs' Generic Sertraline Product**

20.    Sertraline hydrochloride is a pharmaceutical compound useful in the treatment of depression.  It is the active pharmaceutical ingredient ("API") in the product sold by Pfizer Inc. under the trade name ZOLOFT.

**ANSWER:**

Admitted.

21.    Pursuant to the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq*. (1994) ("the Act"), Teva USA filed Abbreviated New Drug Application ("ANDA") No. 76-465 with the United States Food & Drug Administration ("FDA") for permission to market generic sertraline hydrochloride tablets in the United States.  The FDA granted final approval to Teva USA's ANDA on August 11, 2006.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same.

22.     Since approval of its ANDA, Teva USA has sold generic sertraline hydrochloride tablets in the United States.  The tablets sold by Teva USA are manufactured by Teva Ltd.

**ANSWER:**

Torrent is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same.

**Defendants' Imminent Infringement of the Patents In Suit**

23.     On information and belief, Defendant Torrent Pharma Inc. filed ANDA No. 77-765 with the FDA, seeking permission to market generic sertraline hydrochloride tablets in competition with Plaintiffs' tablets.  On February 6, 2007, the FDA granted final approval of this ANDA.

**ANSWER:**

Torrent admits that Defendant Torrent Pharmaceuticals Ltd. filed Abbreviated New Drug Application ("ANDA") No. 77-765 with the Food and Drug Administration ("FDA") seeking approval to market sertraline hydrochloride tablets.  Torrent further admits that the FDA approved ANDA No. 77-765 on February 6, 2007.  Torrent denies all remaining allegations contained within paragraph 23.

24.    On information and belief, Defendant Torrent Pharmaceutical Ltd., through Defendant Torrent Pharma Inc., filed Drug Master File ("DMF") No. 18311 for sertraline hydrochloride API with the FDA.  On information and belief, the act of filing a DMF indicates the present intent of the filer to supply API to at least one ANDA holder.

**ANSWER:**

Torrent admits that Defendant Torrent Pharmaceuticals Ltd. filed Drug Master File ("DMF") No. 18311 for sertraline hydrochloride drug substance with the FDA.  Torrent denies all remaining allegations contained in paragraph 24.

25.    On information and belief, Defendants plan and intend to imminently engage in the commercial importation, manufacture, use, sale and/or offer for sale of sertraline hydrochloride tablets in the United States.  On information and belief, these commercial activities will take place before the expiration of the patents in suit.

**ANSWER:**

Torrent denies all allegations contained in paragraph 25.

26.     On information and belief, Defendants also plan and intend to imminently engage in the commercial importation, manufacture, use, sale and/or offer for sale of sertraline hydrochloride API in the United States.  On information and belief, the sertraline hydrochloride API will be supplied to one or more ANDA holders, including Defendant Torrent Pharma Inc. and third party ANDA holder(s), with the knowledge and intent that such ANDA holder(s) will engage in the commercial importation, manufacture, use, sale and/or offer for sale of generic sertraline hydrochloride tablets in the United States.  On information and belief, these commercial activities will take place before the expiration of the patents in suit.

**ANSWER:**

Torrent denies all allegations contained in paragraph 26.

27.     On information and belief, Defendants' sertraline hydrochloride API and tablets containing the same will be made by a process that infringes one or more of the claims of the patents in suit.  Accordingly, Defendants' plans and intentions to engage in the commercial importation, manufacture, use, sale and/or offer for sale of generic sertraline hydrochloride API and tablets in the United States constitute imminent, threatened acts of infringement under 35 U.S.C. § 271(g), which give rise to an actual controversy over which this Court may exercise jurisdiction.

**ANSWER:**

Torrent denies all allegations contained in paragraph 27.

28.     On information and belief, Defendants' plans and intentions to supply sertraline hydrochloride API to ANDA holder(s) outside of the United States for incorporation into products that it knows will be imported, manufactured, used, sold and/or offered for sale in the United States constitute imminent, threatened inducement of infringement under 35 U.S.C.

§§ 271(b) and (g), which gives rise to an actual controversy over which this Court may exercise jurisdiction.

**ANSWER:**

Torrent denies all allegations contained in paragraph 28.

29.    On information and belief, Defendants' sertraline hydrochloride API is Form II or Form V.  On information and belief, sertraline hydrochloride Forms I, II and V are the crystalline forms that are most likely to be used in a pharmaceutical tablet.  On information and belief, Form I is claimed by an unexpired United States patent assigned to Pfizer Inc., and thus it is unlikely that Defendants will attempt to market API containing that polymorph to customers intending to sell products in the United States.

**ANSWER:**

Torrent denies all allegations contained in paragraph 29.

30.    On information and belief, Plaintiffs are not aware of any commercially viable process to manufacture Form V sertraline hydrochloride that is not covered by one or more claims of the '987 patent and/or the '073 patent.  Thus, on information and belief, there is a substantial likelihood that Defendants' sertraline hydrochloride API, if Form V, is or will be made by a process that infringes one or more claims of the '987 patent and/or the '073 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 30.

31.    On information and belief, given the scope of Teva Ltd.'s patent rights to methods of making Form II, there is a substantial likelihood that Defendants' sertraline hydrochloride

API, if Form II, is or will be made by a process that infringes one or more claims of the '721 patent and/or the '340 patent.

**ANSWER:**

Torrent denies all allegations contained in paragraph 31.

32.    Plaintiffs have made a reasonable effort to determine the process by which Defendants' sertraline hydrochloride API is or will be made. Currently, Plaintiffs are unable to obtain from a public source information regarding the method used to manufacture Defendants' API. On November 30, 2006, Teva Ltd. notified Torrent Pharmaceuticals Ltd. of the existence of the patents in suit and requested a description of the manufacturing process used by Defendants to make the API. In order to protect the confidentiality of Defendants' information, Teva Ltd. offered to enter into a confidentiality agreement.

**ANSWER:**

Torrent admits that Teva notified Torrent of the existence of the patents in suit on or about November 30, 2006, and offered to enter into a confidentiality agreement. Torrent denies all remaining allegations contained in paragraph 32.

33.    Defendants have not disclosed any information relating to their manufacturing process to Plaintiffs despite Teva Ltd.'s offer to review such information under a confidentiality agreement.

**ANSWER:**

Torrent denies all allegations contained in paragraph 33.

34.    Further, Plaintiffs have been unable to obtain samples of Defendants' tablets or API from a public source. However, on information and belief, even if Plaintiffs had been able

to obtain samples of Defendants' tablets or API, Plaintiffs are not aware of any analytical

technique or combination of techniques that could be used to definitively establish that the

tablets or API were made by one or more of the methods claimed in the patents in suit. For this

reason, Plaintiffs cannot conclusively determine whether Defendants' tablets or API infringe the

patents in suit unless and until Defendants disclose to Plaintiffs the method by which they are

made.

**ANSWER:**

     Torrent denies all allegations contained in paragraph 34.

     35.    In the absence of a sufficient response from Defendants, Plaintiffs have no choice

but to resort to judicial process and the aid of discovery to obtain, under appropriate judicial

safeguards, the information required to confirm their belief as to infringement and to present to

the Court evidence that Defendants will infringe the patents in suit.

**ANSWER:**

     Torrent denies all allegations contained in paragraph 35.

     36.    On information and belief, Defendants infringement will be willful and deliberate.

**ANSWER:**

     Torrent denies all allegations contained in paragraph 36.

     37.    As a direct and proximate consequence of the planned and intended infringement

by Defendants, Plaintiffs will be injured in their business and property rights unless the

infringement is enjoined by the court, and will suffer injury and damages for which they are

entitled to relief.

**ANSWER:**

Torrent denies all allegations contained in paragraph 37.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT INFRINGEMENT

38.     The allegations of paragraphs 1 to 37 are incorporated by reference as if fully set forth herein.

**ANSWER:**

Torrent repeats and reasserts its answers to the allegations set forth in paragraphs 1-37 as if fully set forth herein.

39.     Defendants' importation, manufacture, use, sale and/or offer to sell in the U.S. of their sertraline hydrochloride API pursuant to DMF No. 18311, and their sertraline hydrochloride tablets pursuant to ANDA No. 77-765, will infringe one or more claims of the '073, '987, '721 and/or '340 patents.

**ANSWER:**

Torrent denies all allegations contained in paragraph 39.

40.     Defendants' infringement will be willful.

**ANSWER:**

Torrent denies all allegations contained in paragraph 40.

## COUNT II
## DECLARATORY JUDGMENT OF INDUCEMENT OF PATENT INFRINGEMENT

41.     The allegations of paragraphs 1 to 40 are incorporated by reference as if fully set forth herein.

**ANSWER:**

Torrent repeats and reasserts its answers to the allegations set forth in paragraphs 1-40 as if fully set forth herein.

42.     Defendants' supply of their infringing sertraline hydrochloride API to companies that will engage in the importation, manufacture, use, sale and/or offer to sell in the U.S. of products made with that API will induce the infringement of one or more claims of the '073, '987, '721 and/or '340 patents under 35 U.S.C. § 271.

**ANSWER:**

Torrent denies all allegations contained in paragraph 42.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of a judgment from this Court:

a.     declaring that Defendants will infringe one or more claims of the '073, '987, '721 and/or '340 patents.

b.     declaring that Defendants will induce infringement of one or more claims of the '073, '987, '721 and/or '340 patents;

c.     declaring that Defendants' infringement and inducement will be willful and that this is an exceptional case under 35 U.S.C. § 285;

d.     declaring that the '073, '987, '721 and '340 patents are valid and enforceable;

e.     permanently enjoining Defendants, their respective officers, agents, servants and employees, and those persons in active concert or participation with any of them, from infringing or inducing the infringement of the '073, '987, '721 and '340 patents;

f.     awarding Plaintiffs damages in accord with 35 U.S.C. § 284;

g.     awarding Plaintiffs their attorney fees, costs and expenses; and

h.     awarding Plaintiffs such other and further relief as this Court may deem to be just and proper.

**ANSWER:**

Torrent specifically denies that Plaintiff is entitled to the general or specific relief requested against Torrent, or to any relief whatsoever, and prays for judgment in favor of Torrent dismissing this action with prejudice, and awarding Torrent its reasonable attorneys' fees pursuant to 35 U.S.C. §285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,600,073)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,600,073 ("the '073 patent") either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,600,073)

Upon information and belief, the claims of the '073 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,500,987)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not

directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,500,987 ("the '987 patent") either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,500,987)

Upon information and belief, the claims of the '987 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,495,721)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,495,721 ("the '721 patent") either literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,495,721)

Upon information and belief, the claims of the '721 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,897,340)

The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim

of U.S. Patent No. 6,897,340 ("the '340 patent") either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,897,340)

Upon information and belief, the claims of the '340 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

Plaintiffs have misused the '073, '987, '721 and '340 patents by asserting these patents against Torrent in a manner that attempts to impermissibly broaden the scope of the patent grant in order to preclude, hamper, hinder and delay Torrent from manufacturing and selling its sertraline hydrochloride products. Upon information and belief, Plaintiffs' current use of their patents in this manner—attempting to block Torrent from competing fairly in the market— constitutes a knowing, anticompetitive misuse of these patents.

## TENTH AFFIRMATIVE DEFENSE
### (Sham Litigation)

Upon information and belief, Plaintiffs have no basis in fact or law to allege that the '073, '987, '721 or '340 patents are valid or to assert them against a potential generic competitor such as Torrent.  Upon information and belief, Plaintiffs also have no basis in fact or law to allege that Torrent is or would be infringing any of the asserted patents.  Plaintiffs' filing and maintenance of this action and other actions against other generic companies, without any basis in fact or law constitutes sham litigation.

## COUNTERCLAIMS

1.      Counterclaimant Torrent Pharma Inc. is a Delaware corporation, and the wholly-owned subsidiary of Defendant Torrent Pharmaceuticals Ltd. (collectively "Torrent"), having a place of business at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009.

2.      Counterclaimant Torrent Pharmaceuticals Ltd. is an Indian company having a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

3.      Upon information and belief, Counterclaim Defendant Teva Ltd. is a corporation organized under the laws of Israel, and maintains its principal place of business at 5 Basel Street, Petah Tiqva 49131, Israel.

4.      Upon information and belief, Counterclaim Defendant Teva USA is a Delaware corporation with its principal place of business located at 1900 Horsham Road, North Wales, Pennsylvania 19454-1090.

5.      Upon information and belief, Teva USA is a wholly-owned subsidiary of Teva Ltd.

6.      As a consequence of Teva Ltd. and Teva USA's Complaint against Torrent, there is now an existing and continuing justiciable controversy between Teva Ltd. and Teva USA and Torrent regarding the infringement and validity and enforceability of U.S. Patent Nos. 6,600,073 ("the '073 patent"), 6,500,987 ("the '987 patent"), 6,495,721 ("the '721 patent"), and 6,897,340 ("the '340 patent").

7.     This court has jurisdiction over the subject matter of these Counterclaims pursuant to section 1331 and 1338(a) of Title 28 of the United States Code, as they involve substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

8.     This court may declare the rights and legal relations of the parties pursuant to section 2201 and 2202 of Title 28 of the United States Code, because Torrent's Counterclaims present an actual controversy within the Court's jurisdiction that the patents asserted by Teva Ltd. and Teva USA against Torrent are not infringed and/or are invalid.

9.     Venue for these Counterclaims is proper within the District in which the Complaint is pending.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '073 PATENT

10.     The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,600,073 ("the '073 patent") either literally or under the doctrine of equivalents.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '073 PATENT

11.     Upon information and belief, the claims of the '073 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '987 PATENT

12.     The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,500,987 ("the '987 patent") either literally or under the doctrine of equivalents.

## COUNT IV
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '987 PATENT

Upon information and belief, the claims of the '987 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNT V
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '721 PATENT

13.     The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,495,721 ("the '721 patent") either literally or under the doctrine of equivalents.

## COUNT VI
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '721 PATENT

Upon information and belief, the claims of the '721 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNT VII
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '340 PATENT

14.    The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,897,340 ("the '340 patent") either literally or under the doctrine of equivalents.

## COUNT VIII
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '340 PATENT

Upon information and belief, the claims of the '340 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. respectfully request the Court to enter judgment against Counterclaim Defendants Teva Ltd. and Teva USA as follows:

A.    Declaring that Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent Nos. 6,600,073 ("the '073 patent"), 6,500,987 ("the '987 patent"), 6,495,721 ("the '721 patent"), and 6,897,340 ("the '340 patent").

B.    Declaring that U.S. Patent Nos. 6,600,073, 6,500,987, 6,495,721, and 6,897,340 are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112;

C.    Awarding Torrent their reasonable costs and attorneys' fees incurred in connection

with this action pursuant to 35 U.S.C. § 285; and

E.    Awarding all such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Torrent demands a trial by jury of all issues so triable.

Dated:  December 19, 2007

**MURPHY & LANDON**

/s/Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com
**Attorneys for Defendants**
**Torrent Pharma Inc. and Torrent**
**Pharmaceuticals Ltd.**

*Of counsel:*
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, Illinois  60606
(312) 443-0497 (KDP)
(312) 896-6497 (KDP) (fax)
kparr@lockelord.com

**Attorneys for Defendants**
**Torrent Pharma Inc. and Torrent**
**Pharmaceuticals Ltd.**

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 19th day of December, 2007.

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
jshaw@ycst.com

Steven J. Lee, Esquire
Robert V. Cerwinski, Esquire
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
Tel 212.908.6485
Fax 212.425.5288
rcerwinski@kenyon.com

**Attorneys for Plaintiffs
Teva Ltd. and Teva USA**

                          **MURPHY & LANDON**

                          /s/Francis J. Murphy
                          Francis J. Murphy, DE I.D. No. 223
                          1011 Centre Road, Suite 210
                          Wilmington, Delaware  19805
                          (302) 472-8103
                          (302) 472-8135 (fax)
                          fmurphy@msllaw.com
                          **Attorneys for Defendants
                          Torrent Pharma Inc. and Torrent
                          Pharmaceuticals Ltd.**