IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | C.A. No. 07-332-GMS |
| TORRENT PHARMACEUTICALS, LTD. and TORRENT PHARMA INC. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| *Defendants*. | ) ) | |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva") reply to Defendants Torrent Pharmaceuticals, Ltd. and Torrent Pharma Inc.'s (collectively, "Torrent") Counterclaims to Plaintiffs' Complaint ("Torrent's Counterclaims") as follows. The numbered paragraphs below correspond to the numbered paragraphs in Torrent's Counterclaims. To the extent not specifically admitted herein, the allegations in Torrent's Counterclaims are denied.

**COUNTERCLAIMS**

Teva responds to Torrent's Counterclaims as follows:

1. Counterclaimant Torrent Pharma Inc. is a Delaware corporation, and the wholly-owned subsidiary of Defendant Torrent Pharmaceuticals Ltd. (collectively "Torrent"), having a place of business at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009.

**Reply:** On information and belief, admitted.

2.      Counterclaimant Torrent Pharmaceuticals Ltd. is an Indian company having a place of business at Torrent House, Off Ashram Road, Ahmedabad - 380 009, Gujarat, India.

**Reply:** On information and belief, admitted.

3.      Upon information and belief, Counterclaim Defendant Teva Ltd. is a corporation organized under the laws of Israel, and maintains its principal place of business at 5 Basel Street, Petah Tiqva 49131, Israel.

**Reply:** Admitted.

4.      Upon information and belief, Counterclaim Defendant Teva USA is a Delaware corporation with its principal place of business located at 1900 Horsham Road, North Wales, Pennsylvania 19454-1090.

**Reply:** Admitted.

5.      Upon information and belief, Teva USA is a wholly-owned subsidiary of Teva Ltd.

**Reply:** Teva admits that Teva USA is a wholly-owned indirect subsidiary of Teva Ltd.

6.      As a consequence of Teva Ltd. and Teva USA's Complaint against Torrent, there is now an existing and continuing justiciable controversy between Teva Ltd. and Teva USA and Torrent regarding the infringement and validity and enforceability of U.S. Patent Nos. 6,600,073 ("the '073 patent"), 6,500,987 ("the '987 patent"), 6,495,721 ("the '721 patent"), and 6,897,340 ("the '340 patent").

**Reply:** On information and belief, Teva admits that there exists an immediate, real and justiciable controversy between Teva and Torrent sufficient to warrant entry of a judgment by the Court that Torrent has infringed and/or will infringe one or more claims of the '073 patent, the '987 patent, the '721 patent, and the '340 patent and that the '073 patent, the '987 patent, the '721 patent, and the '340 patent are valid and enforceable. Otherwise denied.

7.      This court has jurisdiction over the subject matter of these Counterclaims pursuant to section 1331 and 1338(a) of Title 28 of the United States Code, as they involve substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

**Reply:** This is a statement of jurisdiction to which no response is required. To the extent a response is required, Teva states that it will not contest the Court's jurisdiction over Torrent's Counterclaims in this action. Otherwise denied.

8. This court may declare the rights and legal relations of the parties pursuant to section 2201 and 2202 of Title 28 of the United States Code, because Torrent's Counterclaims present an actual controversy within the Court's jurisdiction that the patents asserted by Teva Ltd. and Teva USA against Torrent are not infringed and/or are invalid.

**Reply:** This is a statement of jurisdiction to which no response is required. To the extent a response is required, Teva states that it will not contest the Court's jurisdiction over Torrent's Counterclaims in this action. Otherwise denied.

9. Venue for these Counterclaims is proper within the District in which the Complaint is pending.

**Reply:** This is a statement of venue to which no response is required. To the extent that a response is required, Teva states that it will not contest the propriety of this Court as venue over Torrent's Counterclaims in this action. Otherwise denied.

## COUNT I

10. The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,600,073 ("the '073 patent") either literally or under the doctrine of equivalents.

**Reply:** Denied.

## COUNT II

11. Upon information and belief, the claims of the '073 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**Reply:** Denied.

## COUNT III

12. The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,500,987 ("the '987 patent") either literally or under the doctrine of equivalents.

**Reply:** Denied.

## COUNT IV

Upon information and belief, the claims of the '987 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**Reply:** Denied.

## COUNT V

13. The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,495,721 ("the '721 patent") either literally or under the doctrine of equivalents.

**Reply:** Denied.

## COUNT VI

Upon information and belief, the claims of the '721 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**Reply:** Denied.

## COUNT VII

14. The manufacture, use, sale, offer to sell or importation into the United States of Torrent's sertraline hydrochloride tablets that are the subject of ANDA 77-765 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any properly construed claim of U.S. Patent No. 6,897,340 ("the '340 patent") either literally or under the doctrine of equivalents.

**Reply:** Denied.

## COUNT VIII

Upon information and belief, the claims of the '340 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**Reply:** Denied.

## RELIEF REQUESTED

Teva denies that Torrent is entitled to any of the relief that it has requested.

## JURY DEMAND

Teva respectfully demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
jcastellano@ycst.com
*Attorneys for Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

OF COUNSEL:

KENYON & KENYON LLP
Steven J. Lee, Esq.
Robert V. Cerwinski, Esq.
One Broadway
New York, NY 10004-1050
Phone (212) 425-7200

Dated: January 11, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on January 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis J. Murphy, Jr., Esquire [fmurphy@msllaw.com]
> Murphy, Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, DE 19805

I further certify that on January 11, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Keith D. Parr, Esquire [kparr@lockelord.com]
> Kevin M. Nelson, Esquire [knelson@lockelord.com]
> David B. Abramowitz, Esquire [dabramowitz@lockelord.com]
> Locke Lord Bissell & Liddell LLP
> 111 S. Wacker Drive
> Chicago, IL 60606

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jeffrey T. Castellano

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*
