IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD. and TEVA PHARMACEUTICALS USA, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC., <br><br> *Defendants.* | C. A. No. 07-332 (GMS) |

## JOINT STATUS REPORT

Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva") and Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. (collectively, "Torrent") submit this Joint Status Report with respect to the agenda items to be raised at the Status and Scheduling Conference before the Court set for Tuesday, April 22, 2008 at 2:15 p.m., pursuant to the Court's Order, Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b).

1. **Jurisdiction and Service**

This is an action for alleged patent infringement arising under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 *et seq.*. No party has contested personal jurisdiction in this action.

Teva has served the Complaint on Torrent; Torrent has filed its Answer, Affirmative Defenses and Counterclaims; and Teva has filed its Answer to Defendants' Counterclaims. No party remains to be served.

There are no other issues in dispute with respect to jurisdiction or service in this action. At the present time, Teva and Torrent believe that all necessary parties have been served and have appeared. However, both Teva and Torrent reserve the right to join additional parties within the time limit set forth in section 7 below.

## 2. Substance of the Action

This is an action for infringement of United States Patent Nos. 6,600,073 ("the '073 patent"), 6,500,987 ("the '987 patent"), 6,495,721 ("the '721 patent"), and 6,897,340 ("the '340 patent"; collectively, "the patents-in-suit") relating to, *inter alia*, methods for manufacturing certain crystalline forms of a chemical compound known as sertraline hydrochloride. Two of these crystalline forms of sertraline hydrochloride are known as "Form II" and "Form V." The '073 patent and the '987 patent claim, *inter alia*, processes for preparation of sertraline hydrochloride Form V. The '721 and '340 patents claim, *inter alia*, processes for the preparation of sertraline hydrochloride Form II.

Torrent has filed Abbreviated New Drug Application ("ANDA") No. 77-765 with the U.S. Food and Drug Administration ("FDA"), seeking approval to market sertraline hydrochloride tablets. Torrent also has filed Drug Master File ("DMF") No. 18311 with the FDA, in order to facilitate approval of ANDAs for pharmaceutical products that include Torrent's sertraline hydrochloride bulk active pharmaceutical ingredient ("API").

Teva seeks a declaration that Torrent will directly infringe one or more of the patents-in-suit by importing, manufacturing, using, offering for sale and/or selling in the United States the sertraline hydrochloride tablets referenced in ANDA No. 77-765, and the sertraline hydrochloride API referenced in DMF No. 18311. Teva also seeks a declaration that Torrent will indirectly infringe one or more of the patents-in-suit by inducing others to engage in the

importation, manufacture, use, sale and/or offer to sell in the United States of products made with Torrent's infringing API.

Torrent denies that it will directly or indirectly infringe any of the patents-in-suit, and asserts that the patents-in-suit are invalid and/or unenforceable. Torrent has asserted counterclaims seeking affirmative declarations that the patents-in-suit are invalid and that Torrent has not and will not directly or indirectly infringe the patents-in-suit. Torrent further asserts that Teva's claims are barred by Teva's misuse of the patents-in-suit and filing of sham litigation.

**3.    Identification of Issues**

The parties anticipate that the following factual and legal issues in are genuinely in dispute:

i.  whether the sertraline hydrochloride API referenced in DMF No. 18311 and/or the sertraline hydrochloride tablets referenced in ANDA No. 77-765, if made, used, sold, offered for sale or imported into the U.S., would infringe one or more claims of one or more of the patents-in-suit, either literally or under the doctrine of equivalents;

ii. whether Torrent's supply of sertraline hydrochloride tablets or API to third parties who intend to market such materials in the U.S., if any, would induce infringement of any of the patents-in-suit,

iii. whether Torrent has already committed any of the acts described in (i) and (ii) above, and if so, whether such infringement was willful;

iv. whether any of the patents-in-suit are invalid under 35 U.S.C., including §§ 101, 102, 103, and/or 112;

v.  whether Teva has engaged in patent misuse or sham litigation;

vi. whether Teva is entitled to damages and/or an injunction; and

vii. whether Teva or Torrent are entitled to attorneys' fees.

4.  **Narrowing of Issues**

The parties agree that, at this early stage of litigation, the factual and legal issues genuinely in dispute cannot readily be narrowed beyond those presented by the pleadings. While dispositive motions may ultimately be filed in the case, such motions likely will require the benefit of fact and expert discovery and it is premature to list them now. The parties respective proposals for the cut-off date for the filing of dispositive motions is set forth below in paragraph 8.

5.  **Relief**

Teva seeks the declarations set forth in section 2 above concerning Torrent's liability. Teva also seeks damages in an amount adequate to compensate Teva for Torrent's infringement of the patents-in-suit. Teva cannot calculate the amount of these damages without the benefit of the discovery set forth in section 8 below; however, it will demand no less than a reasonable royalty for Torrent's infringement, and treble damages for any willful infringement. Teva further seeks interest on any damages awarded, costs pursuant to 35 U.S.C. § 284, reasonable attorneys fees' pursuant to 35 U.S.C. § 285, and such other relief as the Court deems just and proper.

Torrent avers that Teva is not entitled to monetary and/or equitable relief, including either treble damages or its costs and/or attorneys' fees. Torrent seeks dismissal of Teva's Complaint, with prejudice, and the declarations set forth in section 2 above. Torrent further seeks its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and such other relief as the Court deems just and proper.

6.  **Amendment of Pleadings**

The parties propose that the Court establish a July 22, 2008 deadline for filing any motion to amend the pleadings without leave of Court, as set forth below in Paragraph 8.

7.  **Joinder of Parties**

The parties are not aware of any additional parties that should be joined at this time. The parties propose that the Court establish a July 22, 2008 deadline for filing a motion to join additional parties without leave of Court, as set forth below in Paragraph 8.

8.  **Discovery**

Teva anticipates that it will require discovery on at least the following issues:

i. Torrent's process(es) for manufacturing sertraline hydrochloride and the development thereof;

ii. Torrent's ANDA and/or DMFs and activities associated with the preparation and filing thereof;

iii. Torrent's allegations that the methods they use to manufacture the sertraline hydrochloride contained in their products do not infringe any of the patents-in-suit;

iv. Torrent's manufacture, sale, offers for sale and/or importation of sertraline hydrochloride tablets and API;

v. Torrent's awareness of the patents-in-suit;

vi. Torrent's attempts to design around the patents-in-suit;

vii. Torrent's allegations that the patents-in-suit are invalid;

viii. the scope and content of the prior art, any attempts by Torrent to follow the prior art, and the level of ordinary skill in the art;

ix. secondary indicia of non-obviousness;

x. Torrent's allegations that this is an exceptional case;

xi. the organization and relationship between Torrent Pharmaceuticals Ltd., Torrent Pharma Inc. and other affiliates;

xii. Torrent's supply to third parties of its sertraline hydrochloride tablets and API;

xiii.   damages, including any sales and profits Torrent has made as a result of their infringement.

Torrent anticipates that they will require discovery on each of the following issues:

i.   invention, conception and reduction to practice of the inventions described in the patents-in-suit;

ii.   prosecution of the patents-in-suit;

iii.   the inventors' and Teva's understanding and awareness of the nature of the prior art to the patents-in-suit at the time of Teva's prosecution of the patents-in-suit;

iv.   factors considered in Teva's decision to file suit against Torrent and holders of other ANDAs on sertraline hydrochloride tablets;

v.   Teva's settlement of other litigation related to the patents-in-suit;

vi.   Teva's licenses and/or assignments of the patents-in-suit;

vii.   secondary considerations of nonobviousness;

viii.   scope of the patents-in-suit's claims and the prior art to those patents;

xi.   damages, including any profits Teva claims it has lost as a result of Torrent's alleged infringement.

The parties agree on the proposed schedule with respect to the timing of discovery and other matters. The parties' joint proposal appears below:

| Type of Discovery | Proposed Date |
| --- | --- |
| Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | May 22, 2008 |
| Motions to amend pleadings/join additional parties to be filed no later than | July 22, 2008 |
| Fact discovery completed | February 23, 2009 |
| Service of affirmative expert reports on behalf of party with burden of proof on claim or defense[1] | April 30, 2009 |

---

[1]   If the Court determines that a *Markman* hearing should be held, Teva requests that the expert discovery dates be stayed until all claim construction disputes have been resolved, in order to facilitate narrowing of the issues for expert discovery.

| Type of Discovery | Proposed Date |
|---|---|
| Service of rebuttal expert reports | June 5, 2009 |
| Service of reply expert reports | July 10, 2009 |
| Expert discovery completed | October 2, 2009 |
| Letter requesting permission to file dispositive motions | November 20, 2009 |
| Opposition letter on permission to file dispositive motions | December 4, 2009 |
| Reply letter on permission to file dispositive motions | December 11, 2009 |

### 9. Estimated Trial Length

The parties estimate approximately two weeks to try the case. The parties believe that it is premature at this time to discuss bifurcation, staging or sequencing of issues for trial since issues may be narrowed as a result of discovery or dispositive motions. However, Teva submits that any equitable defenses such as patent misuse should be separated for trial by the Court.

### 10. Jury Trial

The parties have requested a trial by jury of all issues so triable.

### 11. Settlement

Active settlement discussions are ongoing between Teva and Torrent and the parties' relative settlement positions are close. **The parties believe that this case my be resolved quickly and without further litigation if the Court were to refer the case to a United States Magistrate or agreed-upon mediator to facilitate settlement discussions.**

### 12. Other Matters

Except as set forth above, there are no matters that counsel consider to be conducive to the just, speedy and inexpensive determination of this action, other than:

The parties agree that a Protective Order should be entered in this case to facilitate the exchange of confidential discovery. The parties will negotiate the terms of a proposed Protective Order in the immediate future and anticipate submitting a stipulated Order to the Court promptly. Any substantial issues as to which the parties are unable to reach agreement will be submitted to the Court for resolution.

**13.   Statement of Counsel**

The undersigned counsel for the parties hereby state that they have conferred about each of the above matters.

Should the Court have any questions regarding the information set forth above, counsel for both parties are prepared to provide any additional information needed to address the Court's questions.

| | |
|---|---|
| /s/ *(signature)*<br>Josy W. Ingersoll (No. 1088)<br>John W. Shaw (No. 3362)<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>(302) 571-6672<br><br>*OF COUNSEL:*<br>Steven J. Lee<br>Robert V. Cerwinski<br>Huiya Wu<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004<br>(212) 425-7200<br><br>*Attorneys for Plaintiffs Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.* | /s/ Francis J. Murphy<br>Francis J. Murphy (No. 223)<br>MURPHY & LANDON<br>1011 Centre Road, Suite 210<br>Wilmington, DE 19805<br>(302) 472-8103<br><br>*OF COUNSEL:*<br>Keith D. Parr<br>Kevin M. Nelson<br>David B. Abramowitz<br>LOCKE LORD BISSEL & LIDDELL LLP<br>111 S. Wacker Dr.<br>Chicago, IL 60606<br>(312) 443-0497<br><br>*Attorneys for Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.* |

April 17, 2008